UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONS LENDING CORPORATION ) | |
| ) | CASE NO. 1:24-cv-00446-JG |
| Plaintiff, ) | |
| ) | JUDGE JAMES S. GWIN |
| v. ) | |
| ) | |
| ACADEMY MORTGAGE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. | |

**DEFENDANT ACADEMY MORTGAGE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant Academy Mortgage Corporation ("Academy"),[1] makes this *limited special appearance* only and hereby files this Memorandum in Support of its Motion to Dismiss, respectfully stating as follows:

**I.      INTRODUCTION**

This case arises from employment contracts between Plaintiff Nations Lending Corporation ("NLC"), an Ohio corporation, and its former employees, a small mortgage lending team located in Hawaii (the "Individual Defendants"), and the alleged breach of those agreements by Defendants. NLC's claims against Academy – a Utah corporation with its principal place of business in Utah – arise solely from Academy's employment of the Individual Defendants. While the parties dispute the facts and circumstances, there is no dispute that the material events at issue occurred in Hawaii, not Ohio. Even the employment contracts between NLC and the Individual Defendants recognize Hawaii as an appropriate forum for seeking the very equitable relief that

---

[1] At this time, undersigned counsel only represents Academy and not any of the other Defendants. Nonetheless, the arguments advanced by Academy are applicable to the Individual Defendants.

1

NLC seeks here – a temporary restraining order and permanent injunction (the claims are subject to an arbitration provision after the injunctive relief phase of these proceedings is over).

The only connection this case has to Ohio is that NLC happens to be located here and chose to file this action here. But it is a defendant's connection to the forum that matters for jurisdictional purposes, not the plaintiff's. Indeed, Academy and the Individual Defendants have been improperly hauled into a forum that lacks personal jurisdiction over any of the defendants. The Court should therefore dismiss this action for lack of personal jurisdiction.

## II.      LEGAL ARGUMENTS

The burden of establishing personal jurisdiction is borne by the plaintiff. *Mich. Nat'l Bank v. Quality Dinette, Inc*., 888 F.2d 462, 466 (6th Cir. 1989). Under the Due Process Clause of the Fourteenth Amendment, a nonresident generally must have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Accordingly, for a court to assert personal jurisdiction over a nonresident defendant, the contacts between the defendants and the forum must be analyzed to see if they meet the threshold. Specifically, Ohio must either have general or specific jurisdiction or it must dismiss for lack of personal jurisdiction. In this case, the Court has neither and therefore, must dismiss Academy and the Individual Defendants under Rule 12(b)(2).

    **A.**     **The Court Cannot Exercise General Jurisdiction because Academy is a Utah Corporation with its Principal Place of Business in Utah, and No Other Facts Establish that it is "At Home" in Ohio.**

General jurisdiction is sweeping in its scope, requiring a defendant to submit to the courts of the forum state regardless of where the events giving rise to the dispute transpired. In light of its vast nature, general jurisdiction is ***only*** proper in a state where a corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially **at home** in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014). Not surprisingly, the Supreme Court has made it clear that the circumstances that satisfy this threshold are narrow:

> *Goodyear* made clear that ***only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there*** … With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] ... bases for general jurisdiction." Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. *Cf. Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010) ("Simple jurisdictional rules ... promote greater predictability."). These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

571 U.S. at 137 (internal citations omitted) (emphasis added); *see also Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021) ("only a select set of affiliations with a forum will expose a defendant to such sweeping jurisdiction."). For an individual defendant, as opposed to a corporation, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler*, 517 U.S. at 137; *see also Goodyear*, 564 U.S. at 924.

Here, none of the Individual Defendants are domiciled in Ohio and Academy is not incorporated or headquartered in Ohio. NLC's allegations clearly establish that Academy is "at home" not in Ohio, but in Utah. ECF 1-2 at ¶ 2. In fact, the only affiliation that Academy is alleged to have with Ohio is the fact that Academy is registered to do business in Ohio. *See* ECF 1-2 at 37-64. This sole fact falls woefully short of establishing affiliations so systematic and continuous that Academy is "at home" in Ohio. If that were the case, NLC would be subjected to general

jurisdiction in every state where it is registered to do business – a dubious proposition that NLC would undoubtedly dispute. Indeed, the fundamental purpose of general jurisdiction – predictability – would be eviscerated by such a simple and formalistic standard. Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Daimler*, 517 U.S. at 138-39 (footnotes and citations omitted; emphasis in original).

There is simply no basis for exercising general jurisdiction over Academy or the Individual Defendants.

### B. The Court Cannot Exercise Specific Jurisdiction because Any Minimum Contacts that Academy May Have with Ohio Have No Connection to the Underlying Controversy.

Specific jurisdiction, by contrast, applies to defendants "less intimately connected with a State, but as to a narrower class of claims." *Ford Motor Co.*, 141 S. Ct. at 1024. Specific jurisdiction depends on an "affiliation between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 919. Constitutional due process requires that the nonresident have "minimum contacts" with the forum state. *Walden*, 571 U.S. 277, 283 (2014). These minimum contacts **must arise out of contacts that the "defendant himself" creates**. *Id.* at 284; *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (specific jurisdiction "arises out of or relates to the defendant's contacts within the forum."). A defendant cannot be hauled into court in a forum state based on "random, fortuitous, or attenuated" contacts manufactured from interactions with other persons or entities affiliated with the state. *Walden*, 571 U.S. at 286.

The circumstances from which this dispute arises involve the Individual Defendants'

4

employment transition from NLC to Academy in Hawaii.[2] Academy recruited these employees in Hawaii (indeed, NLC had previously raided this exact same group of employees while they were employed by Academy in Hawaii). They have remained employed in Hawaii at all relevant times. The actions in dispute all occurred in Hawaii. It is undisputed that none of the (alleged) happenings set forth in the Complaint occurred in Ohio or are otherwise connected to Ohio. NLC does not allege any Ohio-based wrongdoing by Academy. NLC's own pleading definitively establishes this Court's lack of specific jurisdiction over Academy.

Further, the sole claims-related connection that NLC alleges to exist between the Individual Defendants and Ohio is a ***non-exclusive*** forum-selection clause. The relevant language provides:

> Any action or proceeding by either of the parties to enforce this Agreement shall be brought only in accordance with the arbitration provision contained within this Agreement *except that action may be brought in* a state or federal court located in the state of Ohio *or the state of Employee's primary residence*, if different, for the purposes of obtaining a restraining order or injunction…

*See* ECF 1-2, at ¶ 10(i) (emphasis added). This language expressly contemplates (and acknowledges) that an injunction is properly sought in the state of the Employee's residency, which is Hawaii in this case. To the extent the clause is disjunctive, it is, at best, ambiguous on this point. And that ambiguity must be construed against the drafter, NLC. *Keller & Kehoe, LLP v. Smart Media of Del., Inc.*, 8th Dist. Cuyahoga No. 103607, 2016-Ohio-5409, ¶ 39 (citing *Control Realty Co. v. Clutter*, 62 Ohio St.2d 411, 413, 406 N.E.2d 515 (1980)). Given NLC's own overt ambiguous language, and its efforts to aggressively seek and impose improper equitable relief in this jurisdiction far from the events at issue, principles of due process, justice, and equity demand that this provision be interpreted to require that this case be pursued in Hawaii, the

---

[2] With one exception: Ilda Gonzalez was a California resident. Thus, with respect to her alone, Academy's actions were directed to California and Academy would therefore be minimum contacts with California.

jurisdiction that actually has proper jurisdiction over all Defendants.

Notably, NLC concedes that it decided to open an office in Hawaii to "aggressively capture [Hawaiian] market shares and producers." ECF 1-2, at 10. It further admits that it sought to employ Hawaii-based employees (as opposed to training Ohio-based employees and sending them to work in Hawaii). These allegations, combined with the utter lack of allegations supporting personal jurisdiction over any defendant in Ohio, further support dismissal of this action for lack of personal jurisdiction.

### III. CONCLUSION

NLC was free to sue Academy in Hawaii or Utah for the allegations in its lawsuit, and Academy would not have challenged personal jurisdiction. But Academy has not consented nor taken actions that permit it to be sued in Ohio for the alleged actions it took in Hawaii. This Court clearly and unequivocally lacks jurisdiction over Academy. It also lacks personal jurisdiction over the Individual Defendants. If NLC wishes to pursue injunctive relief against Defendants in the proper forum, it must do so in Hawaii, a forum that has personal jurisdiction over the Defendants. NLC's hasty and improper efforts to impose jurisdiction in Ohio, a jurisdiction more than 4,000 miles away from where the relevant actions took place, are improper and must be rejected.

For the foregoing reasons, the Court should dismiss this lawsuit with prejudice on the grounds that NLC has failed to meet its burden of proving that this Court has personal jurisdiction over Academy or the Individual Defendants.

Respectfully submitted,

*/s/ Caitlin R. Thomas*

Mark R. Butscha, Jr. (0088854)
*Mark.Butscha@ThompsonHine.com*
Caitlin R. Thomas (0093857)
*Caitlin.Thomas@ThompsonHine.com*
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566-5500
Fax: (216) 566-5800


*/s/ Joseph A. Kroeger (pro hac vice*)
Joseph A. Kroeger
SNELL & WILMER L.L.P.
One South Church Avenue
Suite 1500
Tucson, Arizona 85701-1630
Telephone: (520) 882.1200
Facsimile: (520) 884.1294
jkroeger@swlaw.com

*Counsel for Defendant Academy Mortgage Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Motion to Dismiss for Lack of Personal Jurisdiction* was served via the Court's ECF System upon all parties by electronic means on this 11th day of March, 2024.

I further certify that a copy of the foregoing was sent by regular U.S. Mail to the following:

Leonard Pagan
1469 Kuleana Place
Hilo, HI 96720

Joan Pagan
1469 Kuleana Place
Hilo, HI 96720

Christina Fukea-Alves
75-6203 Piena Place
Kailua Kona, HI 96740

Kaeai Hooper
74-5158 Puuolokaa Place
Kailua Kona, HI 96740

Brooks Onishi
46-1058 Emepela Way # IOC
Kaneohe, HI 96744

Lida Gonzalez
3270 Flemming Street
Riverside, CA 92509

*/s/ Caitlin R. Thomas*